UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DOMINIC CAPRARIO,

                            Plaintiff,

              -against-

CITY OF NEW YORK, ANTHONY EGAN, INDIVIDUALLY, RICHARD DIGANGI, INDIVIDUALLY, ROBERT FISHER, INDIVIDUALLY, AND JOHN AND JANE DOE, 1 THROUGH 10 INDIVIDUALLY (THE NAMES JOHN AND JANE DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN),

                            Defendants.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI AND ROBERT FISHER**

13 Civ. 1647 (FB) (RML)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Anthony Egan ("Egan"), Richard DiGangi ("DiGangi") and Robert Fisher ("Fisher"), by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" sets forth a jury demand to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that the City of New York maintains a Police Department. The Court is respectfully referred to the New York City Administrative Code and the New York City Charter for the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Anthony Egan, Richard DiGangi and Robert Fisher are employed by the City of New York as police officers.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit Anthony Egan, Richard DiGangi and Robert Fisher are employed by the City of New York as police officers. Insofar as the complaint sets forth conclusions of law, no response is required.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that Anthony Egan, Richard DiGangi and Robert Fisher are employed by the City of New York as police officers. Insofar as the complaint sets forth conclusions of law, no response is required.

12. Deny the allegations set forth in paragraph "12" of the amended complaint.

13. Deny the allegations set forth in paragraph "13" of the amended complaint.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint, except admit that plaintiff was handcuffed.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint, except admit that plaintiff was given two summonses.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of plaintiff's criminal charges.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint, except admit that Robert Fisher is a supervising officer.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint and all subparts therein.

25. Deny the allegations set forth in paragraph "25" of the amended complaint and all subparts therein.

26. Deny the allegations set forth in paragraph "26" of the amended complaint and all subparts therein.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. In response to the allegations set forth in paragraph "28" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the amended complaint; to the extent the amended complaint sets forth conclusions of law, no response is required.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. In response to the allegations set forth in paragraph "35" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. In response to the allegations set forth in paragraph "39" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. In response to the allegations set forth in paragraph "43" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint

47. In response to the allegations set forth in paragraph "47" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. In response to the allegations set forth in paragraph "52" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. In response to the allegations set forth in paragraph "55" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. Deny the allegations set forth in paragraph "58" of the amended complaint.

59. In response to the allegations set forth in paragraph "59" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the amended complaint; to the extent that the complaint sets forth conclusions of law, no response is required.

61. Deny the allegations set forth in paragraph "61" of the amended complaint, and all subparts therein.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint, and all subparts therein.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. In response to the allegations set forth in paragraph "69" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the City on January 19, 2012.

71. Deny the allegations set forth in paragraph "71" of the amended complaint, except admit that this case has not been settled by the New York City Comptroller's Office.

72. Deny the allegations set forth in paragraph "72" of the amended complaint, except admit that the complaint was filed on or about March 27, 2013.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. In response to the allegations set forth in paragraph "75" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. Deny the allegations set forth in paragraph "79" of the amended complaint.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. In response to the allegations set forth in paragraph "81" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. Deny the allegations set forth in paragraph "83" of the amended complaint.

84. Deny the allegations set forth in paragraph "84" of the amended complaint.

85. In response to the allegations set forth in paragraph "85" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the amended complaint.

87. Deny the allegations set forth in paragraph "87" of the amended complaint.

88. Deny the allegations set forth in paragraph "88" of the amended complaint.

89. In response to the allegations set forth in paragraph "89" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the amended complaint.

91. Deny the allegations set forth in paragraph "91" of the amended complaint.

92. Deny the allegations set forth in paragraph "92" of the amended complaint.

93. In response to the allegations set forth in paragraph "93" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI

and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the amended complaint.

95. Deny the allegations set forth in paragraph "95" of the amended complaint.

96. Deny the allegations set forth in paragraph "96" of the amended complaint.

97. Deny the allegations set forth in paragraph "97" of the amended complaint.

98. Deny the allegations set forth in paragraph "98" of the amended complaint.

99. Deny the allegations set forth in paragraph "99" of the amended complaint.

100. In response to the allegations set forth in paragraph "100" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the amended complaint.

102. Deny the allegations set forth in paragraph "102" of the amended complaint.

103. Deny the allegations set forth in paragraph "103" of the amended complaint.

104. In response to the allegations set forth in paragraph "104" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

105. Deny the allegations set forth in paragraph "105" of the amended complaint.

106. Deny the allegations set forth in paragraph "106" of the amended complaint.

107. In response to the allegations set forth in paragraph "107" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

108. Deny the allegations set forth in paragraph "108" of the amended complaint.

109. Deny the allegations set forth in paragraph "109" of the amended complaint.

110. In response to the allegations set forth in paragraph "110" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

111. Deny the allegations set forth in paragraph "111" of the amended complaint.

112. Deny the allegations set forth in paragraph "112" of the amended complaint.

113. In response to the allegations set forth in paragraph "113" of the amended complaint, defendants THE CITY OF NEW YORK, ANTHONY EGAN, RICHARD DIGANGI

and ROBERT FISHER repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the amended complaint.

115. Deny the allegations set forth in paragraph "115" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

116. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

117. Defendants City, Egan, DiGangi and Fisher have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

118. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

119. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City, Egan, DiGangi, or Fisher.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

120. Defendants Egan, DiGangi and Fisher have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

121. At all times relevant to the acts alleged in the first amended complaint, defendants Egan, Digangi and Fisher acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

122. There was probable cause for plaintiff's arrest/detention.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

123. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

124. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

125. Plaintiff may have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

126. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, Anthony Egan, Richard DiGangi and Robert Fisher respectfully request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 7, 2014

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
*The City of New York, Anthony Egan, Richard*
*DiGangi and Robert Fisher*
100 Church Street
New York, New York 10007
(212) 356-2385

By: _____/s/_____
    Dara A. Olds
    Assistant Corporation Counsel
    Special Federal Litigation Division

To:    Brett Klein, Esq. (By ECF)
       LEVENTHAL & KLEIN, LLP
       *Attorney for plaintiff*
       45 Main Street, Suite 230
       Brooklyn, New York 11201